UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 10-12239 |
| CHRISTINA B. MARRERO | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | |

FINAL APPLICATION OF TRUSTEE'S ATTORNEYS FOR THE
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Much Shelist, P.C. ("Much Shelist"), attorneys for Norman B. Newman, not individually but solely as the Chapter 7 Trustee herein (the "Trustee"), moves this Court, pursuant to Sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, for the allowance of final compensation and reimbursement of expenses for services rendered during the period March 17, 2011 through March 23, 2012. In support of this Application, Much Shelist respectfully states as follows:

1.      On March 22, 2010, the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.

2.      On September 23, 2010, the Debtor converted her case to one under Chapter 7 of the United States Bankruptcy Code. The Trustee was subsequently appointed, qualified and continues to serve as the Trustee in this case.

3.      On March 29, 2011, this Court entered an Order authorizing the Trustee to employ Much Shelist as his attorneys in this case.

4.      Other than as permitted under Section 504 of the Bankruptcy Code, Much Shelist has no agreement with any person or firm whatsoever with regard to its compensation in this

case. To date, Much Shelist has not received any compensation for services rendered or reimbursement of out-of-pocket expenses incurred in this matter.

5.      Much Shelist is entitled to receive final compensation in the amount of $13,128.50 plus reimbursement of out-of-pocket expenses in the amount of $90.42 for services rendered during the period March 17, 2011 through March 23, 2012.  However, Much Shelist is voluntarily reducing its compensation request by $2,500.00 to $10,628.50 in order to provide for a distribution to general unsecured creditors.

6.      Much Shelist provided 28.60 hours of services on behalf of the Trustee during the time period cover by this application.

7.      The following is a summary of time expended, by individual, during the time period covered by this application:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 15.90 hrs. | $595.00/hr. | $9,460.50 |
| Michael B. Viner | .50 hrs. | $465.00/hr. | 232.50 |
| Jeffrey L. Gansberg | 4.40 hrs. | $390.00/hr. | 1,716.00 |
| Martin J. Wasserman | .50 hrs. | $300.00/hr. | 150.00 |
| | | | |
| **Paralegal** | | | |
| Maribeth Robinson | 7.30 hrs. | $215.00/hr. | 1,569.50 |
| | | | |
| **Subtotal:** | **28.60 hrs.** | | **$13,128.50** |
| | | | |
| | **Less voluntary discount** | | <2,500.00> |
| **TOTAL** | | | **$10,628.50** |

8.      The services rendered are listed chronologically and are separated by activity. Certain time entries could have been listed under a different activity, but there is no duplication of time entries.  The services were rendered in connection with and in furtherance of assisting the Trustee in the performance of his duties as delineated by §704 of the Bankruptcy Code. This

application complies with the standards enunciated in *In re Continental Securities Litigation*, 572 F. Supp. 931 (N.D. Ill. 1983) modified 692 F.2d 766 (7th Cir. 1992).

9.      At all times relevant hereto, Much Shelist provided legal services in the most efficient and cost effective manner. Much Shelist's goal was to obtain a positive resolution of the matter at hand, while in the process minimizing the costs to the estate.

10.     During the time period covered by this application, Much Shelist's attorneys have provided services to the Trustee with respect to the following matters:

A.      **Retention of Professionals (Tab 1)**: A total of 7.20 hours of time was expended by Much Shelist corresponding with a Michigan real estate broker regarding employment by the Trustee, the preparation of a listing agreement and an affidavit of disinterestedness. Time was also spent with the preparation of pleadings and appearances in Court on the following employment motions: Trustee's Motion to Employ Attorneys, Motion to Employ Real Estate Broker, and Motion to Employ an Accountant. The individuals who provided services in connection with the Trustee's employment of professionals and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 3.40 hrs. | $595.00/hr. | $2,023.00 |
| Jeffrey L. Gansberg | 3.60 hrs. | $390.00/hr. | 1,404.00 |
| Martin J. Wasserman | .20 hrs. | $300.00/hr. | 60.00 |
| | | | |
| **TOTAL:** | **7.20 hrs.** | | **$3,487.00** |

B.      **Disposition of Assets (Tab 2)**: A total of 18.30 hrs. of time was expended by Much Shelist on Disposition of Assets. The major asset of this estate was a parcel of vacant real estate located in Cedar Springs, Michigan (the "Real Estate"). Much Shelist was involved in telephonic and written communications with the Trustee's real estate agent regarding offers to purchase the real estate subject to Court approval. Counsel was involved in numerous telephonic

3

and written communications with the real estate broker and the title insurance company

regarding the status of the sale, potential liens and/or title exceptions against the property.

Counsel reviewed and revised numerous documents including the real estate listing agreement,

purchase contract, title commitment, escrow instructions and closing documents. The Trustee

received $17,432.71 in net proceeds from the sale of the Real Estate.

The individuals who provided services in connection with the Disposition of Assets and

the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 9.40 hrs. | $595.00/hr. | 5,593.00 |
| Michael B. Viner | .50 hrs. | $465.00/hr. | 232.50 |
| Martin Wasserman | .30 hrs. | $300.00/hr. | 90.00 |
| Jeffrey L. Gansberg | .80 hrs. | $390.00/hr. | 312.00 |
| | | | |
| **Paralegal** | | | |
| Maribeth Robinson | 7.30 hrs. | $215.00/hr. | 1,569.50 |
| | | | |
| **TOTAL:** | **18.30 hrs.** | | **$7,797.00** |

C.    Tax Issues (Tab 3): A total of 1.20 hrs. of time was spent by Norman B.

Newman reviewing information from debtor regarding the conveyance of the Real Estate from

her mother to her and possible tax issues. Counsel was involved in telephonic and written

communications with the Trustee's accountant regarding potential tax liability and provided

estate receipts and disbursement records for tax return preparation. Counsel also reviewed and

transmitted tax returns to the IRS for the year 2011.

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 1.20 hrs. | $595.00/hr. | 714.00 |
| | | | |
| **TOTAL:** | **1.20 hrs.** | | **$714.00** |

D.    Claims Administration/Analysis (Tab 4): A total of .50 hrs. of time was spent

by Norman B. Newman corresponding with the representative of ISAC regarding possible claim

objection and telephonic communication with representative of ISAC regarding withdrawal of the claim.

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | .50 hrs. | $595.00/hr. | $297.50 |
| | | | |
| **TOTAL:** | **.50 hrs.** | | **$297.50** |

      **E.**     **Fee Petitions (Tab 5)**:  A total of 1.40 hrs. of time was spent on the preparation

of this final fee application, as well as the final application to pay FGMK, Trustee's accountants.

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 1.40 hrs. | $595.00/hr. | $833.00 |
| | | | |
| **TOTAL:** | **1.40 hrs.** | | **$833.00** |

      11.     During the time period covered by this Application, Much Shelist incurred out-of-pocket expenses in the amount of $90.42.   Attached hereto as Exhibit "B" is an itemization of Much Shelist's out-of-pocket expenses.  Much Shelist asserts that these out-of-pocket expenses were reasonable in its representation of the Trustee.

      12.     The services rendered by Much Shelist as the Trustee's attorney have resulted in a substantial benefit to the Trustee and to the creditors of this estate.  By reason of the foregoing, Much Shelist states that it is entitled to a final award of compensation and reimbursement of out-of-pocket expenses for services rendered to the Trustee in this matter.

      **WHEREFORE**, Much Shelist Denenberg Ament & Rubenstein, P.C. respectfully requests that this Court enter an Order as follows:

      1.     Granting this Application and awarding Much Shelist final compensation in the amount of $10,628.50 plus reimbursement of out-of-pocket expenses in the amount of $90.42 for services rendered during the period March 17, 2011 through March 23, 2012;

5

2.      Authorizing the Trustee to pay Much Shelist the amount awarded forthwith as a

Chapter 7 expense of administration of this estate; and

3.      Granting such other and further relief as this Court deems just and appropriate.

**Much Shelist, P.C.**

By: /s/ Norman B. Newman
One of Its Attorneys

Norman B. Newman (Atty. ID# 02045427)
**Much Shelist, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
312-521-2000

3044957_1.doc